IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEROY WIGGINS,                      :
a/k/a STERLING CHAVIS,              :      CIVIL ACTION
                                    :      NO. 15-3889
          Petitioner,              :
                                    :
     v.                             :
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF PENNSYLVANIA, et al.       :
                                    :
          Respondents.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                      December 21, 2016


     Petitioner Leroy Wiggins, also known as Sterling

Chavis ("Petitioner"), brings this pro se petition for a writ of

habeas corpus under 28 U.S.C. § 2254 ("the Petition")

challenging a decision of the Pennsylvania Board of Probation

and Control ("the Pennsylvania Board") extending the end date

for his parole following his incarceration on unrelated charges

in New Jersey.  Petitioner argues that the Pennsylvania Board

calculated his sentence incorrectly, and that the extension

constituted "piecemeal incarceration" in violation of the Eighth

and Fourteenth Amendments.  Magistrate Judge Henry S. Perkin

recommended that the Court dismiss the Petition on the basis

that it constituted a second or successive habeas petition filed
without permission of the Third Circuit.  Petitioner objected.

For the reasons that follow, the Court will overrule
Petitioner's objections, dismiss the Petition - although on
different grounds than it was dismissed by Judge Perkin - and
deny Petitioner habeas relief.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On November 22, 1982, the Court of Common Pleas of
Philadelphia County sentenced Petitioner to a term of three and
one-half to twenty years' incarceration for convictions of
robbery, impersonating a public servant, carrying a firearm on a
public street, criminal conspiracy, simple assault, aggravated
assault, theft by unlawful taking, receiving stolen property,
and recklessly endangering another person.  Report &
Recommendation ("R&R") at 1-2, ECF No. 10.  Petitioner's
original maximum parole violation date for this sentence was
June 18, 2001.  Chavis v. Pa. Bd. of Probation & Parole, No. 544
C.D. 2012, 2012 WL 8678119, at *1 (Pa. Commw. Ct. Oct. 9, 2012).

On February 9, 1995, following Petitioner's parole
from his Pennsylvania sentence and subsequent periods of
incarceration in New Jersey and Pennsylvania, the Pennsylvania
Department of Corrections ("the Pennsylvania DOC") transferred
Petitioner to New Jersey to serve a sentence for a new,

2

unrelated criminal conviction.  Id. at *1.  New Jersey returned

Petitioner to the Pennsylvania DOC's custody on June 22, 2009,

on the basis of a detainer that the Pennsylvania Board issued

against him.  Id.  On June 15, 2011, the Pennsylvania Board

recalculated Petitioner's parole maximum date to July 25, 2023,

determining that Petitioner would not receive credit for the

time he spent incarcerated in New Jersey.  Id.

On July 13, 2011, Petitioner filed a petition for

administrative review of the Pennsylvania Board's recalculation

decision, claiming that he should have received credit for his

incarceration in New Jersey from February 9, 1995, through June

22, 2009.  ECF No. 1 at 39.  The Board denied this petition.

Id. at 40.  Petitioner subsequently petitioned for review of

this denial in the Commonwealth Court of Pennsylvania, which

affirmed the Pennsylvania Board's order on October 9, 2012.

Chavis, 2012 WL 8678119, at *2.  Petitioner then filed a

Petition for Allowance of Appeal in the Supreme Court of

Pennsylvania, which denied the petition in a per curiam order on

May 20, 2013.  Chavis v. Pa. Bd. of Probation & Parole, 68 A.3d

910 (Pa. 2013).

This is Petitioner's seventh federal habeas petition.

Petitioner filed six previous federal habeas petitions under his

alias, Sterling Chavis, in 1983, 1986, 1993, 1996, 2002, and

2005, all of which were dismissed.  See Chavis v. Ryan, No. 83-

3

5066 (E.D. Pa. Apr. 1984) (dismissed for failure to exhaust
state remedies); Chavis v. Neubert, No. 86-2855 (E.D. Pa. Nov.
20, 1986) (denied on the merits); Chavis v. Vaughn, No. 93-3571
(E.D. Pa. Oct. 7, 1993) (summarily dismissed under Rule 9(b)
because alleged claims were previously determined on the
merits); Chavis v. Pinchak, No. 96-0008 (E.D. Pa. Mar. 20, 1996)
(dismissed as successive and an abuse of the writ); Chavis v.
Pa. Bd. of Probation & Parole, No. 02-4694 (E.D. Pa. Sept. 5,
2002) (dismissed without prejudice for failure to reply to Court
order directing filing of petition on current habeas form);
Chavis v. Pa. Bd. of Probation & Parole, No. 05-4502 (E.D. Pa.
July 31, 2006) (dismissed with prejudice as untimely filed).

        Petitioner filed the instant Petition on June 30,
2015, in the United States District Court for the District of
New Jersey, which subsequently transferred it to this Court.
See ECF No. 1.  Petitioner seeks review of the Pennsylvania
Board's July 13, 2011, recalculation decision, asserting that:
(1) "Respondents subjected Petitioner to '[p]iecemeal
[i]ncarceration' by extending his maximum date [of
incarceration] by more than 20 years [beyond the date initially
fixed by his Pennsylvania] sentencing court"; and (2)
"Respondents subjected Petitioner to 'piecemeal incarceration'
in contravention of the Interstate Agreement Detainers Act
("IAD")."  See Pet. at 6, 8, ECF No. 1.

On July 31, 2015, this Court referred the case to Magistrate Judge Henry S. Perkin.  ECF No. 3.  The Commonwealth filed a response to the Petition on February 10, 2016, arguing that the Court lacks jurisdiction to consider the Petition because the Petition constitutes a "second or successive" petition that Petitioner failed to receive authorization from the Third Circuit to file.  See Commonwealth's Response, at 3-4, ECF No. 9.

Judge Perkin issued a Report and Recommendation on February 25, 2016.  ECF No. 10.  Petitioner requested and received an extension of his time to file objections to the Report and Recommendation, see ECF No. 17 at n.1, and subsequently timely filed his objections on April 27, 2016, ECF No. 16.  Petitioner also filed supplemental objections on May 18, 2016.  ECF No. 18.  The Petition is now ripe for disposition.

## II.  LEGAL STANDARDS

A district court may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation.  See Rules Governing § 2254 Cases, R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636.").  A prisoner may object to the magistrate judge's report and

recommendation within fourteen days after being served with a copy thereof.  See 28 U.S.C. § 636(b)(1); E.D. Pa. Civ. R. 72.1(IV)(b).  The district court then "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The district court does not, however, review generalized objections.  See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (quoting Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984)).  Ultimately, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

On habeas review, a federal court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).  A state court decision is "contrary to" established precedent when the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

Court and nevertheless arrives at a different result from [Supreme Court] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  A state court decision involves an "unreasonable application" of established precedent when the "state court identifies the correct governing principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 75.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), on habeas review, a federal court must presume that factual findings of state trial and appellate courts are correct. Stevens v. Del. Corr. Ctr., 295 F.3d 361, 368 (3d Cir. 2002).  Petitioner may overcome this presumption only on the basis of clear and convincing evidence to the contrary. See Burt v. Titlow, 134 S. Ct. 10, 16 (2013) ("AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'  'If this standard is difficult to meet'--and it is--'that is because it was meant to be.'" (alterations in original) (quoting Harrington v. Richter, 562 U.S. 86, 102, 103 (2011))); see also Stevens, 295 F.3d at 368.

When considering a prisoner's pro se petition, a federal court should bear in mind that "[a] habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and thus should be read generously." Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010); see also U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.").

## III. DISCUSSION

Petitioner raises three objections: (1) his Petition is not "secondary or successive" under 28 U.S.C. § 2244(b)(3)(A) because his claims could not have been raised in an earlier habeas petition; (2) the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1) does not apply here because Petitioner is challenging a state administrative order; and (3) Judge Perkin erroneously failed to consider Petitioner's argument that the Pennsylvania Board's decision to extend his maximum sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment due to Petitioner's advanced age and chronic medical issues. See ECF No. 16.

While the Court agrees with Petitioner that the Petition is not "secondary or successive" within the meaning of § 2244(b)(3)(A), the Court will dismiss the Petition as untimely

because Petitioner failed to file it within the applicable one-year statute of limitations and neither statutory nor equitable tolling apply here.

### A.    Second or Successive Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, significantly amended the laws governing habeas petitions.  Among other amendments, AEDPA established procedural and substantive requirements pertaining to the filing of "second or successive" habeas petitions.  Under those requirements, prior to filing a "second or successive application," a prospective habeas petitioner must "move in the appropriate court of appeals for an order authorizing the district count to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Unless a petitioner follows this procedure and the relevant court of appeals subsequently determines that the petition satisfies § 2244's substantive requirements, a federal district court "lacks authority to consider the merits of the petition."  Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005).  When a petitioner files a second or successive habeas petition in a district court without permission of the court of appeals, the district court's only options are to either dismiss the petition or transfer it

to the court of appeals under 28 U.S.C. § 1631.  Robinson v.
Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

     The term "second or successive" is a term of art that
is not defined in AEDPA.  Benchoff, 404 F.3d at 816.  However,
it is "well settled that the phrase does not simply 'refe[r] to
all 2254 applications filed second or successively in time.'"
Magwood v. Patterson, 561 U.S. 320, 331-32 (2010) (alteration in
original) (quoting Panetti v. Quarterman, 551 U.S. 930, 944
(2007)).  The Supreme Court has held that a petition is not
"second or successive" within the meaning of § 2244(b) unless it
challenges "the same state-court judgment."  Id. at 331.  Where
there is a "'new judgment intervening between the two habeas
petitions,' an application challenging the resulting new
judgment is not 'second or successive' at all."  Id. at 341-42
(citation omitted) (quoting Burton v. Stewart, 549 U.S. 147, 156
(2007) (per curiam)).

     A habeas petition is also not classified as second or
successive if (1) the prior petition was not decided on the
merits, or (2) the petition asserts a claim that could not have
been raised in the prior petition.  See In re Olabode, 325 F.3d
166, 169-173 (3d Cir. 2003); Slack v. McDaniel, 529 U.S. 473,
485-86 (2000) ("A habeas petition filed in the district court
after an initial habeas petition was unadjudicated on its merits

and dismissed for failure to exhaust state remedies is not a second or successive petition.").

The Third Circuit has not addressed whether a state administrative decision regarding the calculation of a sentence constitutes an "intervening judgment" permitting a new habeas petition.  However, a "subsequent [habeas] petition that challenges the administration of a sentence is clearly not a second or successive petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition."  Benchoff, 404 F.3d at 817.

In Benchoff, the Pennsylvania Board had denied the petitioner parole three times, each time stating that "fair administration of justice" could not be achieved through petitioner's release on parole.  Id. at 814.  The petitioner brought several habeas petitions challenging his conviction and sentence, the last of which claimed that the parole decisions violated his due process rights.  Id. at 817.  The Third Circuit found that because two of the three parole denials occurred before the petitioner filed his first petition challenging his underlying conviction, the petitioner could have raised the parole claim in that petition, and the instant petition was therefore "second or successive."  Id.  Other courts in this Circuit have likewise dismissed habeas petitions where the petitioner could have raised his claims in an earlier petition.

11

See, e.g., Judson v. Sherrer, No. 05-0697, 2006 U.S. Dist. LEXIS 64489, at *13-14 (D.N.J. Sept. 11, 2006) (dismissing habeas petition challenging decision of state department of corrections regarding work credits because petitioner had raised the same claim in an earlier petition).

Where a petitioner could not have raised his claims regarding the calculation of his sentence in an earlier petition, however, the petition is not "second or successive." See, e.g., James v. Walsh, 308 F.3d 162, 167-68 (2d Cir. 2002) (petition claiming department of corrections erred in calculating sentence was not successive because it could not have been raised at the time of first petition); Vales v. United States, No. 04-1292, 2006 U.S. Dist. LEXIS 28367 (W.D. Pa. May 9, 2006) (habeas petition challenging revocation of supervised release was not second or successive because conduct relating to revocation occurred more than two years after earlier habeas petition).

While the Third Circuit has not specifically addressed the circumstances present here – a petition challenging the recalculation of a release date where the recalculation occurred after the filing of earlier petitions – other courts of appeals have held that a prisoner's first petition challenging the calculation of release date should not be deemed successive if the prisoner did not have an opportunity to challenge the

12

state's conduct in a prior petition.  See, e.g., Hill v. Alaska,
297 F.3d 895 (9th Cir. 2002) (denying application to file
successive habeas petition as unnecessary where petition
challenged calculation of parole release date that occurred
after petitioner's previous petitions were filed); Crouch v.
Norris, 251 F.3d 720, 723-25 (8th Cir. 2001) (dismissing
application to file successive habeas petition as unnecessary
where petition raised claims based on parole denial that
occurred ten months after previous petition); In re Cain, 137
F.3d 234, 235 (5th Cir. 1998) (denying application to file
successive habeas petition as unnecessary where petition
challenged prison disciplinary proceedings that became final
subsequent to his previous petition).

          In the instant Petition, Petitioner's habeas claims
relate to the administration of the sentence he received
pursuant to his 1982 Pennsylvania state court judgment of
conviction.  In that sense, his claims are related to the 1982
judgment, which was the subject of all six of his prior habeas
petitions.  However, in the instant Petition, Petitioner is not
challenging the underlying state court judgment itself or the
length of his original sentence.  Instead, he is challenging the
June 15, 2011, decision of the Pennsylvania Board recalculating
his sentence, and the subsequent order of the Commonwealth Court
affirming that decision.  Under these circumstances, Petitioner

could not have raised this claim in his earlier petitions - the last of which was filed in 2006 - because the Pennsylvania Board did not recalculate his parole date until June 15, 2011.

As Petitioner could not have raised his claims in an earlier petition, the instant Petition is not second or successive under § 2244 and Petitioner was not required to obtain permission from the Third Circuit before filing it. Accordingly, the Court has subject matter jurisdiction over Petitioner's claims.

B.   Timeliness

Under AEDPA, a one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court.   28 U.S.C. § 2244(d)(1).   The AEDPA one-year limitation period runs from the latest of the following:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

14

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The one-year limitation period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Supreme Court has held that AEDPA also allows for equitable tolling of the one-year limitation period under certain circumstances. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing. Pace, 544 U.S. at 418.

Here, the June 15, 2011, decision of the Pennsylvania Board became final when the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on May 20, 2013. See, e.g., Chester v. Comm'r of Pa. Dept. of Corr., 598 F. App'x 94, 102 (3d Cir. 2010) (one-year limitations period began to run when the Pennsylvania Supreme Court denied reargument on petitioner's claims). The one-year statute of limitations

15

therefore expired on May 20, 2014.  Petitioner did not file the
instant Petition until June 30, 2015, over a year after the
statute of limitations expired.

Petitioner argues that his Petition is nonetheless
timely because the AEDPA statute of limitations does not apply
to a habeas petition challenging a state administrative order,
as opposed to a start court judgment.  Obj. at 3, ECF No. 16.[1]
In support of this argument, Petitioner cites Cox v. McBride,
279 F.3d 492 (7th Cir. 2002), in which the Seventh Circuit held
that the one-year statute of limitations in 28 U.S.C.
§ 2244(d)(1) did not apply to a petitioner's challenge to the
decision of a prison disciplinary board extending his sentence
by two years, because the challenged custody did not result from
the "judgment of a State court."  Id. at 493-94 (quoting 28
U.S.C. § 2244(d)(1)).  The Seventh Circuit distinguished the
custody resulting from an underlying state court judgment of
conviction, which conferred federal jurisdiction for the
petitioner's habeas petition under 28 U.S.C. § 2254(a), from the
particular custody the petitioner was challenging, which

---

[1]      While Respondents did not specifically address
timeliness in their response to the Petition, they expressly
reserved the right to present argument on the merits of
Petitioner's claims, and any and all affirmative defenses,
including, but not limited to, procedural default and
timeliness.  See Resp. at 4 n.1, ECF No. 9.

16

resulted from the decision of the prison disciplinary board.
Id. at 493.

The Seventh Circuit's holding in Cox is not directly on point, because the petitioner in that case was challenging a decision of a prison disciplinary board to add time to his sentence based on his assault of a prison guard, see id., whereas Petitioner here is challenging the calculation of the sentence the state trial court had already imposed.  However, if this Court were to follow the reasoning of the Seventh Circuit in Cox, the one-year statute of limitations would not bar the instant Petition, and Petitioner's claims would be timely.

The Third Circuit has not addressed whether § 2244(d)(1) applies to a petition filed under § 2254 challenging a state administrative order related to the execution of a state sentence.  However, "most courts of appeals that have addressed the issue have held that a petition challenging an administrative decision regarding parole or imposing discipline is subject to section 2244(d)(1)."  McAleese v. Brennan, 483 F.3d 206, 213 n.9 (3d Cir. 2007) (citing Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004), Wade v. Robinson, 327 F.3d 328, 331-32 (4th Cir. 2003), Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003), Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002)).

17

The Court finds no reason to depart from the majority view and adopt the Seventh Circuit's contrary position.  The holding of the Seventh Circuit — that a habeas petitioner challenging a state administrative order is "in custody pursuant to the judgment of a State court" for the purposes of federal jurisdiction under § 2254(a) but is not "in custody pursuant to the judgment of a State court" for the purposes of the one-year statute of limitations contained in § 2244(d)(1) — is not supported by the text itself.  In the first place, the language used in both sections is nearly identical.  Compare 28 U.S.C. § 2254(a) (permitting federal courts to consider an "application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court") with 28 U.S.C. § 2244(d)(1) (imposing a one-year statute of limitations on any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court").

Moreover, undermining the Seventh Circuit's reasoning, there is no indication in § 2244(d)(1) that "in custody pursuant to the judgment of a State court" refers to the custody that is being challenged in the petition, as opposed to the custody that originally resulted from conviction.  Absent evidence that explicitly contradicts the text of a statute, courts will construe statutes according to their plain meaning.  See Lamie v. United States Tr., 540 U.S. 526, 534-35 (2004).  No such

18

evidence is present here.  Further, even if Congress did intend
for the language in § 2244(d)(1) to limit application of the
statute of limitations to petitions challenging the custody
decision of a state court, as opposed to the custody decision of
a state administrative body, there is no reason the same
limitation would not apply to the identical language used in the
grant of federal jurisdiction under § 2254(a).  In that case,
federal courts would lack jurisdiction to consider habeas
petitions challenging a state administrative decision extending
custody, such as the instant Petition.

        Accordingly, the Court will adopt the view, held by
the Second, Fourth, Fifth, and Ninth Circuits, that the one-year
statute of limitations applies to habeas petitions challenging
administrative decisions related to the execution of a sentence.
Petitioner was therefore required to satisfy the one-year
limitations period in § 2244(d)(1), which he did not do.

        As discussed above, the limitations period in
§ 2244(d)(1) is subject to both statutory and equitable tolling.
Thus, Petitioner's failure to file his Petition within one year
of the final state court order is not itself fatal to his
claims.  However, tolling is not applicable here.  Petitioner
does not qualify for statutory tolling under 28 U.S.C.
§ 2244(d)(2) because a "properly filed application for State
post-conviction or other collateral review with respect to the

19

pertinent judgment or claim" is not currently pending.  Nor has
Petitioner established "(1) that he has been pursuing his rights
diligently, and (2) that some extraordinary circumstance stood
in his way" of timely filing.  Pace, 544 U.S. at 418.
Petitioner is not currently incarcerated,[2] and he does not allege
any circumstances preventing him from filing the Petition less
than one year after the Supreme Court of Pennsylvania's May 20,
2013, decision.  Therefore, the Court will dismiss the Petition
as untimely.

### C.   Petitioner's Eighth Amendment Claim

Finally, Petitioner objects that Judge Perkin should
have considered his claim that the extension of his parole
violated the Eighth Amendment because of his age and medical
ailments.  See Objs. at 3-5.  In his Petition, Petitioner argues
that the extension of his parole maximum date until 2023, when
Petitioner will be over 80 years old, serves no penological
purpose and represents an excessive punishment in violation of
the Eighth Amendment.  ECF No. 1 at 87-88 (citing Coker v.

---

[2]      Even though Petitioner is no longer incarcerated, he
is still permitted to file a petition for habeas corpus relief
under § 2254.  "[A] prisoner [need not] be physically confined
in order to challenge his sentence [through] habeas corpus."
Maleng v. Cook, 490 U.S. 488, 491 (1989).  A petitioner who is
on parole from his sentence at the time of filing a petition
under § 2254 is deemed "in custody" for the purposes of habeas
corpus relief because release on parole is not unconditional and
imposes significant restrictions on the petitioner's liberty.
See Jones v. Cunningham, 371 U.S. 236, 241-43 (1963).

Georgia, 433 U.S. 584, 592 (1977)).  As Petitioner's claims are
unequivocally time-barred under § 2244(d)(1), the Court need not
consider the validity of Petitioner's underlying Eighth
Amendment claim.

## IV.   CERTIFICATE OF APPEALABILITY

When denying a § 2254 petition, a district court must
also determine whether to issue a certificate of appealability.
3d Cir. Local App. R. 22.2.  A district court may issue a
certificate of appealability only if the petitioner "has made a
substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2).  When a district court denies a habeas
petition on procedural grounds without reaching the underlying
constitutional claims, the petitioner must demonstrate that
jurists of reason would find it debatable (1) "whether the
petition states a valid claim of the denial of a constitutional
right," and (2) "whether the district court was correct in is
procedural ruling."  Slack, 529 U.S. at 484.

The Seventh Circuit has held that the one-year statute
of limitations contained in § 2244(d)(1) does not apply to
administrative decisions concerning custody.  See Cox, 279 F.3d
at 493-94.  Here, as discussed above, Cox is distinguishable on
its facts, and, in any event, its reasoning is unsupported by
the text of the statute and is contrary to the holdings of four

other courts of appeals.  Under these circumstances, the Court concludes that Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the Court's procedural ruling in this case was correct.  Therefore, the Court declines to issue a certificate of appealability in this case.

**V.   CONCLUSION**

For the foregoing reasons, the Court will adopt Judge Perkin's Report and Recommendation, overrule Petitioner's objections thereto, and dismiss the Petition without a hearing and without issuing a certificate of appealability.

22